# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JUSTIN WAYNE HEATH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-0803 |
| ) | Judge Aleta A. Trauger |
| C.R. BARD INCORPORATED and ) | |
| BARD PERIPHERAL VASCULAR ) | |
| INCORPORATED, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

The defendants (collectively, "Bard") have filed Motion in Limine to Exclude Testimony and Evidence Based on Post-Implant Medical Literature (Doc. No. 126), to which plaintiff Justin Wayne Heath has filed a Response (Doc. No. 150). For the reasons set out herein, the motion will be denied.

This case was previously part of multidistrict litigation ("MDL") encompassing numerous cases based on injuries allegedly caused by Bard's line of inferior vena cava ("IVC") filters. Another case from that MDL, *Nolen v. C.R. Bard, Inc.*, No. 3:19-cv-00799, was also transferred to this court. *Nolen* did not proceed to trial, but it came close enough that the court resolved a number of motions in limine related to evidentiary issues that are also present in this case. In order to avoid duplication of efforts, the parties in this case filed joint stipulations on August 12, 2021, agreeing to abide by several of the court's rulings in *Nolen* rather than relitigating the same general issues in front of the same judge a second time. (Doc. No. 115.) According to Joint Stipulation No. 27, the parties have agreed that

> (1) Plaintiff shall not introduce evidence that is solely in support of a claim based on a post-sale duty to warn, and (2) Plaintiff shall not introduce evidence related to

> the design or labeling of the G2 Filter that arose after [the date of the implantation of his filter,] February 27, 2008, unless he establishes the foundation for the relevance of that evidence and moves the court at trial for an exception to this stipulation.

(*Id.* ¶ 27.) Nevertheless, Bard now asks the court "to exclude any reference, evidence, or argument concerning opinion testimony and evidence based on post-implant medical literature, including certain opinions and testimony of Dr. Frederick Rogers, John DeFord, and Plaintiff's expert Dr. David Garcia, M.D." (Doc. No. 126 at 1.)

As Heath points out, Bard's request is, in effect, a challenge to the substantive contents of and foundation for expert opinions and therefore should have been filed prior to the court's deadline for *Daubert* motions, May 8, 2021. (See Doc. No. 37 at 1.) It was, however, not filed until August 31, 2021, and is therefore untimely by more than three months. Moreover, Heath's request is in significant tension with—if not flatly contradictory of—the parties' stipulation regarding "evidence related to the design or labeling of the G2 Filter that arose after February 27, 2008." That stipulation provides that such evidence will initially be excluded but that Heath retains a court-recognized mechanism for seeking exceptions. Bard's position would seemingly foreclose that mechanism to which it has already agreed, at least in some instances. Moreover, insofar as the evidence at issue is not already covered by the stipulation because it is not "related to the design or labeling of the G2 Filter," such evidence may be relevant to contested facts for which a cutoff date would make no sense. For example, this case includes contested issues regarding physical facts, including how Heath's filter ended up in his heart. Medical literature that provides insight regarding such biological questions could be appropriately consulted by an expert in this case regardless of its publication date. Indeed, it would be absurd for an expert seeking to find the

2

Case 3:19-cv-00803   Document 169   Filed 09/29/21   Page 2 of 3 PageID #: 9318

answer to a medical question to ignore a relevant physical fact about the human body, merely because that fact was published after the date of Heath's surgery.

Heath's surgery provides an important general cutoff with regard to facts about Bard's knowledge and/or its duties. *See* Tenn. Code Ann. § 29-28-105(b) (requiring that a product's allegedly defective condition or unreasonable dangerousness be assessed in light of "the state of scientific and technological knowledge available to the manufacturer or seller at the time the product was placed on the market"). There is no reason, however, to extend that cutoff to all medical literature. Insofar as some of the later medical literature discussed might be confusing to the jury because it could be misinterpreted as evidence regarding, for example, Bard's knowledge—despite having been published too late to bear on that fact—Bard's attorneys will be free to emphasize the relevant dates in their arguments to the jury, if they so desire.

Bard's Motion in Limine to Exclude Testimony and Evidence Based on Post-Implant Medical Literature (Doc. No. 126) is therefore **DENIED**. Joint Stipulation No. 27 shall continue to govern the admission or exclusion of evidence related to the design or labeling of the G2 Filter that arose after February 27, 2008.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge