UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JUSTIN WAYNE HEATH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-0803 |
| | ) | Judge Aleta A. Trauger |
| **C.R. BARD INCORPORATED and** | ) | |
| **BARD PERIPHERAL VASCULAR** | ) | |
| **INCORPORATED,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

The defendants (collectively, "Bard") have filed Motion in Limine to Exclude Evidence of Topic 7 of the FDA Warning Letter (Doc. No. 136), to which plaintiff Justin Wayne Heath has filed a Response (Doc. No. 152). For the reasons set out herein, the motion will be granted.

On July 13, 2015, the FDA sent Bard a Warning Letter raising eight numbered concerns about actions taken by Bard. (Doc. No. 138-1.) Topic 7, which is the subject of this motion, discussed alleged violations of the FDA's medical device reporting rules with regard to two of Bard's models of inferior vena cava ("IVC") filter. (*Id.* at 9–10.) The incidents that Bard failed to report and that are discussed in Topic 7 involved failures to deploy—that is, incidents in which the IVC filter outright failed to leave its delivery sheath at the time of its initial attempted implantation. Although this case is about injuries that Heath allegedly suffered due to a Bard filter, it is undisputed that (1) he did not suffer a failure to deploy and (2) his filter was not one of the models expressly addressed by Topic 7. Rather, he received another type of Bard filter that, at least in his case, appeared to have been deployed and implanted successfully and only injured him several years later, after it came loose.

This case was previously part of multidistrict litigation ("MDL") encompassing numerous cases based on injuries allegedly caused by Bard's IVC filters. Another case from that MDL, *Nolen v. C.R. Bard, Inc.*, No. 3:19-cv-00799, was also transferred to this court. In the MDL, Judge Campbell concluded that "[m]any topics in the warning letter lack probative value" to the plaintiffs' claims but that the relevance of other topics covered by the letter depended on facts that would be revealed at trial. *In re Bard IVC Filters Prod. Liab. Litig.*, No. CV-16-00474-PHX-DGC, 2018 WL 1109554, at *3 (D. Ariz. Mar. 1, 2018). In *Nolen*, the plaintiff—who was represented by the same counsel as Heath and whose claims, like Heath's, did not involve a failure to deploy—stipulated that he would not seek to introduce at trial evidence concerning most of the topics, including Topic 7. *See Nolen v. C.R. Bard Inc.*, No. 3:19-CV-0799, 2021 WL 2115788, at *2 (M.D. Tenn. May 25, 2021). Heath, however, has declined to stipulate that he will not do so with regard to Topic 7 in this trial.

Bard argues that the court should exclude discussion of Topic 7 in Heath's trial because Topic 7 addressed alleged flaws and errors that are wholly distinct from anything that happened to Heath. Heath responds that he wishes to preserve the admissibility of Topic 7 because he "anticipates that Bard, through live witness testimony or otherwise, will indicate to the jury (falsely) that the FDA has never accused Bard of failing to report any adverse event." (Doc. No. 152 at 2.) He cites recent testimony by a Bard employee witness in another case in which the witness "testified on direct exam that Bard has never received a warning from the FDA for failure to report any adverse event." (Doc. No. 152-2 at 8-A-4.) The court in that case concluded that Topic 7 would have been admissible to rebut that testimony, but the evidence was nevertheless excluded because the plaintiff had not sought to introduce it until after the witness had been dismissed. (*Id.* ay 8-A-7.)

The court will not rule that a piece of otherwise irrelevant and prejudicial evidence is admissible simply because a witness arguably contradicted that evidence in another case and might contradict it here. If, in the course of the trial, a witness opens the door to discussion of Topic 7, Heath can seek to introduce evidence regarding that portion of the Warning Letter. As a pretrial matter, however, Bard's Motion in Limine to Exclude Evidence of Topic 7 of the FDA Warning Letter (Doc. No. 136) is hereby **GRANTED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge