UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JUSTIN WAYNE HEATH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-0803 |
| | ) | Judge Aleta A. Trauger |
| **C.R. BARD INCORPORATED and** | ) | |
| **BARD PERIPHERAL VASCULAR** | ) | |
| **INCORPORATED,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

Justin Wayne Heath has filed an Omnibus Motion in Limine (Doc. No. 129) containing eleven requests, and the defendants (collectively, "Bard") have filed a Response (Doc. No. 146). This Order addresses Request No. 5. (*Id.* at 5–6.) That request will be granted in part and denied in part, and the other requests have been or will be addressed in separate orders.

Heath, who has sued Bard for injuries allegedly caused by the Bard inferior vena cava ("IVC") filter that he received, asks the court to exclude "[a]rguments or innuendo regarding other purportedly responsible parties." (Doc. No. 146 at 5.) Heath's request is merely the latest iteration of a recurring conflict in this case regarding whether and to what extent Bard will be able to argue at trial that Heath's injuries were actually caused by his physicians' decisions and/or actions by Heath himself. On July 27, 2021, the court granted Heath partial summary judgment as to, among other things, "comparative fault of non-parties," but the court made clear that its ruling was "without prejudice to Bard's arguing that actions of those parties were part of the chain of events that was the cause of Heath's injuries." *Heath v. C.R. Bard Inc.*, No. 3:19-CV-803, 2021 WL 3172315, at *16 (M.D. Tenn. July 27, 2021).

The court cannot know, in advance, what kinds of "innuendo" counsel for Bard might engage in, if any, and it is certainly possible that its witnesses or counsel will exceed the boundaries of what should be permitted. As the court has already ruled, however, there are legitimate grounds for presenting evidence and argument regarding the actions of third parties in this case. Indeed, Heath's burden to establish that Bard caused his injuries—despite the fact that Bard, of course, did not implant the filter itself or tell Heath that he, personally, needed one—means that *both* Heath and Bard will likely need to address the actions of the implanting physician, Dr. Mark Freeman. One of Heath's theories of liability is that, if Bard had adequately warned the medical community of the risks of Bard filters compared to other manufacturers' models, Dr. Freeman would have chosen another option. Discussing Dr. Freeman's actions as a link in the causal chain between Bard's actions and Heath's injuries is, therefore, not only appropriate but inescapable. Bard, in turn, has highlighted another aspect of Dr. Freeman's actions: his decision not to precisely measure Heath's IVC prior to implantation, despite the fact that the filter's instructions for use, which Bard supplied, clearly warned against implantation of the device into an IVC larger than 28 mm in diameter. Even in the absence of comparative *fault*, Bard can argue that Dr. Freeman's implantation of the filter into a potentially too-wide IVC—an event wholly outside of Bard's control—caused Heath's injuries, rather than any action by Bard. Nothing about such an argument would be "innuendo"; rather, it would be an ordinary defense against Heath's attempts to establish an essential element of his claims.

Heath does, however, describe one line of argument that, if pursued by Bard, would be inappropriate. Heath argues that Bard may suggest "that [Heath] strategically elected not to sue all potential parties." (Doc. No. 129 at 5.) Heath's litigation decisions have no legitimate bearing on any contested fact in this case, and such an argument, if made, would therefore be improper. Such

comments would also, as Heath points out, be misleading, given that Bard could have filed third-party claims against any physician itself—meaning that, while Heath did control whether he sued any physician in the first instance, he did not, in fact, control whether any physicians were later added to this case. Therefore, insofar as Bard wishes to make comments regarding Heath's supposed decision not to name additional defendants, it will not be permitted to do so.

For the foregoing reasons, Request No. 5 of Heath's Omnibus Motion in Limine (Doc. No. 129) is hereby **GRANTED** in part and **DENIED** in part, and Bard is **ORDERED** to refrain from specifically discussing Heath's decision not to name additional defendants. The Omnibus Motion remains pending in all respects not addressed in this or other already-entered orders.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge