# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **JUSTIN WAYNE HEATH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cv-0803** |
| | ) | **Judge Aleta A. Trauger** |
| **C.R. BARD INCORPORATED and** | ) | |
| **BARD PERIPHERAL VASCULAR** | ) | |
| **INCORPORATED,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

Justin Wayne Heath has filed an Omnibus Motion in Limine (Doc. No. 129) containing eleven requests, and the defendants (collectively, "Bard") have filed a Response (Doc. No. 146). This Order addresses Request No. 10. (*Id.* at 5–6.) That request will be denied, and the other requests have been or will be addressed in separate orders.

Heath, who has sued Bard for injuries allegedly caused by the Bard inferior vena cava filter that he received, asks the court to exclude "[e]vidence or reference to Mr. Heath's irrelevant health conditions." (Doc. No. 146 at 8.) The only such condition actually mentioned is Heath's smoking.[1] (*Id.*) Heath suggests that "no expert will testify that his smoking in any way caused or contributed

---

[1] Indeed, this entire request consists of only three lines of text, followed by a footnote that merely directs the court to Fed. R. Evid. 401 to 403. (Doc. No. 129 at 8.) Heath makes no effort to situate the issue of smoking or other (unidentified) health conditions in the broader context of the substantive law of products liability, other than simply by asserting, in a conclusory fashion, that such health conditions are "irrelevant" because they did not "cause[] or contribute[] to" Heath's injuries. Heath's insistence that smoking is irrelevant because it ostensibly does not bear directly on causation is particularly frustrating given that the court has already expressly acknowledged that, "insofar as Heath's tobacco use is relevant to his future expected health and life expectancy, it may be relevant to damages." (Doc. No. 102 at 28.) Unfortunately, the briefing of Request No. 10 is merely an extreme example of the vagueness and cursory legal arguments that characterize much of the Omnibus Motion.

to the injuries at issue in this case." (*Id.*) As Bard correctly responds, however, "evidence regarding certain of [Heath's] health conditions, including those that [Heath] does not claim are related to the G2 Filter, is probative in an assessment of any damages that Plaintiff alleges that he experienced." (Doc. No. 146 at 13.) Specifically, Bard points out that the damages that Heath is likely to seek include damages related to the pain and discomfort associated with chest pains, as well as damages related to limitations on his activity. Tobacco use bears on both of those types of symptoms.

Heath's other health conditions are particularly relevant in this case, because, after his filter migrated, the physicians examining him also discovered apparently unrelated coronary artery disease, and the emergency surgery performed on Heath was intended to—and did—include both steps to address Heath's filter-related problems *and* steps to address that other, unrelated condition. Bard identifies evidence suggesting that Heath's risk profile—including, particularly, his tobacco use—was relevant to the question of how his coronary artery disease would be treated, including whether open-heart surgery may have ultimately been necessary even in the absence of the filter migration. Heath's limited argument on this issue does not even contemplate this aspect of Bard's position, much less refute it. As far as other, unnamed "irrelevant health conditions" are concerned, Heath has not sufficiently identified what evidence, if any, is the subject of his request, let alone explained why the request should be granted. Request No. 10 of the Omnibus Motion in Limine (Doc. No. 129) is therefore **DENIED**. The Omnibus Motion remains pending in all respects not addressed in this or other already-entered orders.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

2