UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JUSTIN WAYNE HEATH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-0803 |
| | ) | Judge Aleta A. Trauger |
| C.R. BARD INCORPORATED and | ) | |
| BARD PERIPHERAL VASCULAR | ) | |
| INCORPORATED, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In their Joint Pretrial Order, the parties state that it is contested "[w]hether Plaintiff's noneconomic damages, if any are awarded, are limited to a statutory cap of $750,000." (Doc. No. 192.) Tennessee's statutory cap on noneconomic damages, *see* Tenn. Code Ann. § 29-39-102, applies to "all liability actions for injuries, deaths and losses covered by this act which accrue[d] on or after" October 1, 2011. Tennessee Civil Justice Act of 2011, 2011 Tennessee Laws Pub. Ch. 510 (H.B. 2008) § 24; *see McClay v. Airport Mgmt. Servs.*, LLC, 596 S.W.3d 686, 689 (Tenn. 2020) ("The statute was enacted to apply prospectively to actions that accrue on or after October 1, 2011."). Although the implantation of Heath's filter occurred before that date, this court is aware of no argument that Heath's causes of action accrued at that time. Indeed, any conclusion that Heath's causes of action accrued prior to October 1, 2011, would seemingly render his claims untimely.

Although there were, for a time, questions about the validity of the statutory cap on noneconomic damages under the Tennessee Constitution, that cap has now been upheld as consistent with the "right to trial by jury, the doctrine of separation of powers, [and] the equal

protection provisions of the Tennessee Constitution." *McClay*, 596 S.W.3d at 696. Although a somewhat higher cap applies to a handful of "catastrophic" injuries, Tenn. Code Ann. § 29-39-102(c), none of those injuries occurred here. The court, accordingly, is unaware of any colorable legal basis for declining to apply the $750,000 cap in this case. Heath is hereby **ORDERED** to file a notice explaining the legal basis for his position prior to **noon today**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge